IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-40971
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSE EFRAIN REYES,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. L-00-CR-241-1
--------------------
May 31, 2001

Before EMILIO M. GARZA, STEWART and PARKER, Circuit Judges.

PER CURIAM:*

Jose Efrain Reyes appeals his conviction and 48-month sentence imposed following acceptance of his guilty plea to a charge of illegal re-entry to the United States after deportation in violation of 8 U.S.C. § 1326. Reyes first contends that his guilty plea was involuntary and was rendered in violation of due process because the district court did not comply with the requirements of Fed. R. Crim. P. 11. Reyes has not shown that the district court's lack of compliance with Fed. R. Crim. P. 11 affected his substantial rights. *See United States v. Cuevas-*

_____

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

*Andrade*, 232 F.3d 440, 443-45 (5th Cir. 2000). The record demonstrates that Reyes understood the charge and its consequences; therefore, his plea was not rendered in violation of due process. *See United States v. Reyna*, 130 F.3d 104, 112 (5th Cir 1997).

Reyes also contends that the felony conviction that resulted in his increased sentence under 8 U.S.C. § 1326(b)(2) was an element of the offense that should have been alleged in the indictment. He acknowledges that his argument is foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224, 226-27 (1998), but he seeks to preserve the issue for Supreme Court review in light of *Apprendi v. New Jersey*, 120 S. Ct. 2348, 2362-63 (2000). *Apprendi* did not overrule *Almendarez-Torres*. *See Apprendi*, 120 S. Ct. at 2361-62 & n.15; *United States v. Dabeit*, 231 F.3d 979, 984 (5th Cir. 2000), *cert. denied*, 121 S. Ct. 1214 (2001). Reyes' argument is foreclosed. *See Almendarez-Torres*, 523 U.S. at 235.

AFFIRMED.